**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REYNALDO LINAREZ HERNANDEZ,<br><br>(A-No. 088-895-265)<br><br>             Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY<br>CORRECTIONAL CENTER, et al.,<br><br>             Respondents. | Case No. 1:26-cv-05035-JLT-FJS<br><br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Docs. 1, 2) |

## I.    INTRODUCTION

Before the Court for decision is Reynaldo Linarez Hernandez's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, which challenges his ongoing detention. (Doc. 1.) Respondents filed an opposition to the TRO and habeas petition, asserting only that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), (Doc. 6 at 2–3), a legal position that this Court has repeatedly rejected. Thus, the Court **GRANTS** the habeas petition.[1]

---

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 4.) Respondents do not request a hearing or further briefing and are "amendable to the Court ruling on the underlying [habeas] petition." (Doc. 6 at 1.) Considering this and given that Respondents had notice and opportunity to respond, the Court decides this case on the underlying petition.

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.    BACKGROUND

Petitioner is a citizen of Mexico who first entered the United States on or around January 10, 2007. (Doc. 6-1 at 2.) Petitioner attempted to re-enter the country at various times on February 8, 2007, February 10, 2008, and February 20, 2008, but was apprehended by Border Patrol and voluntarily removed to Mexico. (*Id*. at 2–3.) On or around March 20, 2008, Petitioner successfully re-entered the country and was not apprehended or encountered by federal immigration officials at that time. (Doc. 1 at 4; *see also* Doc. 6-1 at 2.) Since his last re-entry, he has resided in the United States continuously for approximately 18 years. (Doc. 1 at 4.) Petitioner states that he works in construction and is the sole provider for his wife and two minor adoptive children. (*Id*. at 5.) Petitioner does not appear to have any pending applications for relief or adjustment of status with USCIS. (*See* Doc. 6-1 at 2–3.) Petitioner further indicates that he is not subject to a final order of removal.[2] (Doc. 1 at 2.)

On March 13, 2026, Petitioner was arrested in Oroville, California for driving under the influence of alcohol. (Doc. 6-1 at 2.) At that time, local police submitted his fingerprints to the California Department of Justice and Federal Bureau of Investigations, which resulted in a match to Department of Homeland Security's biometric identification systems. (*Id*.) On June 23, 2026, while Petitioner was attending a court hearing at Butte County Superior Court in connection with

---

[2] Upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information indicates that Petitioner's immigration docket was opened June 25, 2026, and that there is no final order of removal in place. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited July 10, 2026). This suggests that ICE only recently issued a Notice to Appear charging Petitioner as removable under INA § 212(a)(6)(A)(i). (*See* Doc. 6-1 at 1, 3.)

his DUI arrest, ICE waited for the Petitioner and subsequently arrested him. (*Id*.) ICE then transferred the Petitioner to the Golden State Annex Detention Facility where he remains. (Doc. 1 at 4.) According to Petitioner's Record of Arrests and Prosecutions ("RAP sheet") Petitioner was previously convicted for two separate DUIs on May 10, 2022, and again on February 10, 2026. (Doc. 6-2 at 5–6, 9; *see also* Doc. 6-1 at 3.) Petitioner acknowledges his DUI criminal history and describes his efforts towards rehabilitation, including enrolling in a 30-month DUI program, participating in community support groups, submitting to GPS and breath-alcohol monitoring, and paying requisite fines as necessary to Butte County Superior Court. (Doc. 1 at 6.) He attaches evidence to that effect. (*See id*. at 23–58.)

On June 30, 2026, Petitioner filed a petition for a writ of habeas corpus arguing that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (Doc. 1 at 2, 6–7, 9–10.) Respondents filed an opposition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 6 at 2–3.)

## IV.    DISCUSSION

This Court has previously addressed similar due process arguments made by individuals who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system and found that such individuals are not subject to mandatory detention under § 1225(b)(2). *See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026).

Respondents offer little to rebut Petitioner's due process claim and make no effort to distinguish this case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-

01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. The Court will also require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026) because there is no evidence that Respondents have yet obtained an administrative warrant or provided Petitioner any kind of initial custody determination. Thus, for the reasons set forth, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** for the reasons stated in the orders cited above;

2. The motion for temporary restraining order (Doc. 2) is **DENIED** as **MOOT**.

3. **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.

4. Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

5. At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of

the scheduled hearing.

6. Respondents are **ENJOINED** and **RESTRAINED** from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.[3]

7. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California, with a copy of this Order.

8. The Clerk of Court is directed to **CLOSE** this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:  July 10, 2026

UNITED STATES DISTRICT JUDGE

---

[3] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.